FILED
United States Court of Appeals
Tenth Circuit

August 29, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GURJIT SINGH,

     Petitioner,

v.

JEFFERSON B. SESSIONS, III, United
States Attorney General,

     Respondent.

No. 17-9501
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Petitioner Gurjit Singh, a native and citizen of India, seeks review of the denial by

the Board of Immigration Appeals (BIA) of his motion to reopen removal proceedings.

Petitioner claims that changed country conditions in India entitle him to reconsideration.

Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

Petitioner entered the United States at or near Douglas, Arizona, about March 15,

2014. As an alien present in the United States who had not been admitted or paroled, he

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

was personally served with a Notice to Appear and notified of his removal hearing before the Immigration Court in West Valley, Utah, on September 4, 2014. After failing to appear at his hearing, he was ordered to be removed to India.

More than a year and a half later on April 19, 2016, Petitioner filed a motion to reopen the proceedings so he could apply for asylum. A motion to reopen immigration proceedings generally must be filed within 90 days of entry of a final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). But the deadline is inapplicable if the motion to reopen "is based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii). Petitioner claimed changed country conditions in India. His motion alleged that he is a Sikh and attached Internet news articles describing recent desecrations of Sikhism's holy book and the ensuing protests by members of India's Sikh community. In one incident, two protesters were killed and dozens injured by police officers who claimed that they had fired their guns in the air.

The Department of Homeland Security (DHS) opposed the motion to reopen, arguing that Petitioner did not provide evidence of changed country conditions. It pointed out that the articles showed that the Indian government was actively investigating the desecration incidents and prosecuting those responsible. On May 9 the immigration judge (IJ) denied the motion to reopen, checking the box on a form order for the ground that "[t]he court agrees with the reasons stated in the opposition to the motion." A.R. at 39.

Petitioner appealed to the BIA, contending that the IJ's order violated his due-process right to a fair proceeding because it relied solely on the fact that the DHS opposed his motion. On December 19, 2016, a three-member panel of the Board dismissed his appeal. The panel said that it was not persuaded that the IJ relied solely on the DHS opposition to his motion, saying that "it appears that the [IJ] relied on the merits of the DHS's arguments," *id.* at 3, and that the IJ's decision provided sufficient notice of its basis. The panel agreed with the DHS and the IJ that Petitioner "did not make any meaningful comparison to the country conditions at the time of his hearing." *Id.* at 4.

We review the denial of a motion to reopen for abuse of discretion. *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). Because motions to reopen immigration cases are disfavored, a petitioner bears a "heavy burden to show the BIA abused its discretion." *Id.* (internal quotation marks omitted).

The BIA did not abuse its discretion. It correctly described the evidence offered by Petitioner. Two articles reported that Indian authorities were investigating the desecrations, arresting 54 people and questioning dozens. The Punjab Chief Minister reportedly stated that anyone found guilty "would not be spared at any cost and exemplary action would be taken . . . as a deterrent for others." *Id.* at 77 (internal quotation marks omitted). And rather than suggesting changed circumstances, one article said that "state behavior has not changed in more than three decades." *Id.* at 66.

The motion to reopen was patently inadequate.  A check-the-box order can be unsatisfactory in more nuanced cases, but adoption of the DHS's arguments was no disservice to Petitioner.  *See Maatougui*, 738 F.3d at 1242 ("That a one-sentence order was entered is no evidence that the BIA member did not review the facts of [the petitioner's] case." (internal quotation marks omitted)).  We reject his challenges to the administrative process in his case.  The IJ's order notified him of the basis of the decision.  And the order was not indicative of any bias or abdication of responsibility by the IJ.  Nor did the BIA engage in any improper fact finding.  It accepted Petitioner's evidence as true but concluded that it failed to prove changed conditions.

We **DENY** the petition for review.

Entered for the Court

Harris L Hartz
Circuit Judge

4